**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROLYN NAULT,**

      **Plaintiff,**

**-vs-**                **Case No. 6:09-cv-1229-Orl-31GJK**

**THE EVANGELICAL LUTHERAN GOOD SAMARITAN FOUNDATION,**

      **Defendant.**
_____

# ORDER

  This matter came before the Court without oral argument upon consideration of Defendant's, The Evangelical Lutheran Good Samaritan Foundation (the "Defendant" or the "Foundation"),[1] Motion to Dismiss (the "Motion") (Doc. 5), and Plaintiff's, Carolyn Nault ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 11).

## I. Background

  Plaintiff originally brought suit in state court, alleging in a one-count Complaint that Defendant violated Florida's Civil Rights Act, FLA. STAT. § 760.01 (Doc. 2). Specifically, Plaintiff alleges that Defendant unlawfully terminated her employment as a charge nurse at its nursing home because of her age (Doc. 2, ¶¶ 8-19). Plaintiff seeks, *inter alia*, back pay, "future pay," lost benefits and attorneys' fees (Doc. 2 ¶ 19(b)).

---

  [1]A the outset of this case, the Court's docket clerk erroneously identified Defendant as "The Evangelical Lutheran Good Samaritan *Society*" (emphasis added) – not "The Evangelical Lutheran Good Samaritan Foundation." The case style has since been corrected to reflect the case style used by Plaintiff in her own Complaint (*see* Doc. 2).

In its Motion, Defendant contends that Plaintiff has failed to exhaust her administrative remedies because Plaintiff's Charge of Discrimination filed with the Florida Commission on Human Relations ("FCHR") does not name Defendant as Plaintiff's employer; instead, the charge names "The Good Samaritan Society[-Daytona]" (the "Society") (Doc. 5 at 2). The Court address this argument, *infra*, after establishing its subject matter jurisdiction.

## II. Subject Matter Jurisdiction

In its Notice of Removal, Defendant predicates the Court's subject matter jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship) (Doc. 1 at 1). Although Plaintiff has not challenged Defendant's removal, federal courts are required to examine their own jurisdiction. *See*, *e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1250 (11th Cir. 1985).

Unlike state courts, lower federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000.00. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See*, *e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). The amount in controversy is assessed at the time of removal. *See, e.g.*, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00. *See*, *e.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

### A. Diversity of Citizenship

Plaintiff is a citizen of the State of Florida.

Defendant is a non-profit Minnesota Corporation with its principal place of business in the State of South Dakota (Doc. 1 at 3). Defendant is therefore a citizen of the State of Minnesota and the State of South Dakota.

Accordingly, no defendant is a citizen of the State of Florida and there is complete diversity of citizenship between the parties.

### B. Amount in Controversy

On August 20, 20009, the Court directed Defendant to provide the Court with evidence of the amount in controversy (Doc. 15). In response to that Order, Defendant filed Plaintiff's sworn answers to Defendant's interrogatories (Doc. 18-3). Based on Plaintiff's answers, Defendant notes, *inter alia*, that Plaintiff's damages for back pay through the date of trial amount to $96,523.84, absent mitigation (Doc. 18 at 2). Defendant further notes that Plaintiff's mitigation

amounts to no more than $7,000.00 and that Plaintiff is also seeking damages for employment benefits in an amount equal to approximately $8,000.00 (Doc. 18 at 2-3). Finally, Defendant notes that Plaintiff has sworn that her "claim is potentially worth more than $75,000" (Doc. 18-2 at 3).

Based on Defendant's response to the Court's Order and Plaintiff's sworn answers to interrogatories, the Court concludes that the amount in controversy in this case easily exceeds $75,000.00.

Accordingly, the Court has subject matter jurisdiction over this case pursuant to U.S. CONST. art. III, § 2 and 28 U.S.C. § 1332.

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every

element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**IV. Analysis**

Plaintiff filed her charge of discrimination with FCHR on or about June 11, 2007 (Doc. 11-3). In her charge, Plaintiff identifies the "Good Samaritan Society," located at 327 Orange Avenue, Daytona Beach, FL 32114-4220, as her employer (Doc. 11-3). Plaintiff's Complaint, however, is asserted against "The Evangelical Lutheran Good Samaritan *Foundation*" (emphasis added), which allegedly does business in Florida as the "Good Samaritan Society - Daytona" (Doc. 2).[2]

Defendant argues that Plaintiff's Complaint must be dismissed because she failed to exhaust her administrative remedies, Defendant does not do business as "Good Samaritan Society - Daytona" or "Good Samaritan Society," and Defendant was not Plaintiff's employer (Docs. 5 at 1

---

[2]Based on the case style used by Plaintiff in her Complaint and Defendant's Motion to Dismiss and other averments made by Defendant throughout its papers, the Court has assumed that Plaintiff did, in fact, sue the Foundation (and not some other entity). There appears to be a return of service, however, that was filed in state court that indicates that service was forwarded to Sylvia Gause on behalf of "The Evangelical Lutheran Good Samaritan *Society*" – not the Foundation – but the return of service also notes that there is a "name discrepancy" (Doc. 1-3). The Society has not made an appearance and Plaintiff has not sought a default against the Society.

and 3, and 18 at 1). Specifically, Defendant argues that Plaintiff's charge with FCHR was against Good Samaritan *Society*, not The Evangelical Lutheran Good Samaritan *Foundation*. Defendant contends, albeit without much clarity, that the Foundation and the Society are two separate and distinct legal entities and that the Foundation (i.e., Defendant) does not own, operate or manage any nursing homes, much less the nursing home that employed Plaintiff. Thus, Defendant had no notice of, and did not participate in, the FCHR's administrative proceeding.

Plaintiff's Complaint alleges that "Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN *FOUNDATION* is a corporation organized and existing under the laws of the State of South Dakota doing business in the State of Florida as GOOD SAMARITAN SOCIETY - DAYTONA" (Doc. 2, ¶ 4) (emphasis added), and that Defendant operates a "nursing home providing for [the] medical, physical, and social needs of Defendant's residents" (Doc. 2, ¶ 10). In her Response, Plaintiff contends that the public records of the Florida Department of State indicate that the fictitious name of Defendant is "Good Samaritan Society - Daytona" and that Defendant's address of record is 327 Orange Avenue, Daytona Beach, FL 32114-4220 (Doc. 11 at 2).

Contrary to Plaintiff's allegations, however, the Florida Department of State's records (which Plaintiff attached to her own Response) clearly indicate that "The Evangelical Lutheran Good Samaritan *Society*" – not the Foundation – owns the fictitious name "Good Samaritan Society - Daytona" and that the The Evangelical Lutheran Good Samaritan Society's principal address in South Dakota is located at 4800 West 57th Street, Sioux Falls, SD 57108 (Doc. 11-2).

The Florida Department of State does not appear to have any records for Defendant, The Evangelical Lutheran Good Samaritan *Foundation*.[3]

Based on the foregoing, it seems clear that Defendant and the Society are two separate and distinct legal entities, that Plaintiff's employer was the Society (not the Foundation), that Plaintiff filed her FCHR charge against the correct entity, but that Plaintiff sued the incorrect entity. These matters, however, are not properly resolved on a motion to dismiss. Although Plaintiff's own exhibit contradicts and may supercede the allegations in her Complaint, the Court is not prepared, at this time, to construe Defendant's Motion as a motion for summary judgment and grant same based on the limited record before it.

Accordingly, the Court will deny Defendant's Motion. If the Plaintiff is not willing to voluntarily dismiss her Complaint against Defendant or substitute and serve the Society (or some other entity) as the correct defendant in place of the Foundation, then Defendant may file a motion for summary judgment that is supported by proper evidence (including, *inter alia*, authenticated records regarding its corporate structure, places of business, its operations, or the absence of operations, within the State of Florida, its fictitious names, and its relationship, if any, to the Society).

---

[3]The public records of the Minnesota Secretary of State indicate that Defendant's registered office is located at 100 South 5th Street, Suite 1075, Minneapolis, MN 55402. *See* http://da.sos.state.mn.us/minnesota/corp_inquiry-find.asp?:Norder_item_type_id=10. The latest annual report filed by Defendant with the South Dakota Secretary of State, however, indicates that Defendant's address in South Dakota is 4800 West 57th Street, P.O. Box 5038, Sioux Falls, SD 57117-5038. *See* http://apps.sd.gov/applications/st32cprs/Loading.aspx?DocGuid= 36777e53-9d06-4658-bdbe-a93302e7712d. This address appears to be similar, if not the same, as the address on file with the Florida Department of State for The Evangelical Lutheran Good Samaritan *Society*.

## V. Conclusion

Based on the foregoing, it is **ORDERED** that Defendant's, The Evangelical Lutheran Good Samaritan Foundation, Motion to Dismiss (Doc. 5) is **DENIED**. However, if Plaintiff declines to voluntarily dismiss her Complaint or substitute the proper defendant, Defendant may immediately move for summary judgment and for attorneys' fees pursuant to, *inter alia*, FED. R. CIV. P. 11.

It is **FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1927, FED. R. CIV. P. 11, and the Court's inherent authority, Plaintiff's counsel, David W. Glasser, **shall show cause**, in writing, by no later than **Monday, September 14, 2009**, why he should not be subject to sanctions, including an award of attorneys' fees, for apparently failing to conduct an adequate pre-suit investigation and for opposing Defendant's Motion to Dismiss.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 2, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE