IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN NAULT     CASE NO.: 6:09-cv-1229-Orl-31-GJK

    Plaintiff,

v.

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN FOUNDATION d/b/a
GOOD SAMARITAN SOCIETY- DAYTONA

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO COURT'S ORDER [TO SHOW CAUSE]

The Plaintiff, CAROLYN NAULT, hereby files this Response to the Court's order of September 2, 2009 and states as follows:

1. That the Defendant in this action filed Motion to Dismiss contending this matter should be dismissed alleging Plaintiff's failed to exhaust administrative remedies before the Florida Commission on Human Relations.

2. That Defendant in Defendant's motion specifically contends that the Plaintiff in this action had sued the Evangelical Lutheran Good Samaritan Foundation d/b/a Good Samaritan Society – Daytona and Plaintiff filed an administrative charge of discrimination before the Florida Commission on Human Relations prior to filing this action as is required pursuant to Chapter 760 of the Florida Statutes but Plaintiff never specifically named Defendant in those proceedings wherein the Plaintiff rather sought relief against the "Good Samaritan Society".

3. That Defendant thus alleged that the Plaintiff did not exhaust administrative remedies pursuant to Chapter 760 of the Florida Statutes as Defendant was not named in those proceedings and this matter should this be dismissed.

4. That the Defendant additionally alleged that the Defendant was not the plaintiff's employer.

5. That the plaintiff, in plaintiff's response to defendants' motion to dismiss, contended that in the administrative proceedings below, the Plaintiff filed a charge against "Good Samaritan Society", that being a fictitious name for the Defendant.

6. That the Court, in the court's order of September 2, 2009, noted that the plaintiff's employer was the Good Samaritan Society and not the Foundation as alleged in the plaintiff's complaint and thus the plaintiff had named the proper entity and administrative charge but had filed his action against the wrong entity. (See Court's order page 7).

7. That the court directed counsel for the Plaintiff to show cause as to why there should not be sanctioned for failing to conduct adequate pre-suit investigation and for opposing Defendants motion to dismiss. (See Court's order page 8).

8. That in response, the plaintiff previously indicated to undersigned counsel that she had been employed by the "Good Samaritan Society" and had provided documentation in support.

9. That the administrative charge was filed alleging the employer to be "The Good Samaritan Society" as indicated in the Plaintiff's response to the defendants' motion to dismiss.

10. That prior to filing this action, counsel for the Plaintiff had determined that "Good Samaritan Society" was a fictitious name for "The Evangelical Lutheran Good Samaritan Society" and had attended on filing this action against that entity.

11. That a review counsel's file subsequent to the court order indicates that for some reason full which counsel is unaware, the defendant named in the complaint was changed to the current defendant. Counsel believes that this was changed by counsel's prior assistant it was no

longer with counsel's firm. It appears that undersigned counsel did not properly review the complaint before it was filed and served. A review of documentation does indicate that prior to filing this action research was done in reference to the defendant by and through the South Dakota Division of Corporations. See attached Exhibit "A". A review was also performed in reference to the Evangelical Lutheran Good Samaritan Society by and through State of Florida division of corporations. See attached Exhibit "B". It may be that due to similarity in names the wrong defendant was named. However, counsel cannot be certain and cannot represent out to the court. A subsequent recent review of this matter establishes that there is some connection between the "Good Samaritan Foundation" and the "Evangelical Lutheran good Samaritan Society". See attached Exhibit "C".

I HEREBY CERTIFY that on the 14th day of September, 2009, the foregoing motion was electronically filed with the Clerk of Court using the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to all non-CM/ECF participants listed on the Court's notice of electronic filing.

      /s/ David W. Glasser, Esq.
DAVID W. GLASSER, ESQ.
116 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Fla. Bar No. 780022
Attorney for Plaintiff

F:\Files\LL\K-O\Nault\resp.court's order.9.14.09.wpd

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN NAULT                                    CASE NO.: 6:09-cv-1229-Orl-31-GJK

    Plaintiff,

v.

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN FOUNDATION d/b/a
GOOD SAMARITAN SOCIETY- DAYTONA

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND MOTION TO SUBSTITUTE AND/OR ADD A PARTY

COMES now the Plaintiff, CAROLYN NAULT, by and through undersigned counsel, who does hereby file this Motion for Voluntary Dismissal and Motion to Substitute and/or Add a Party, pursuant to Federal Rules of Procedure 21 and 41 and states as follows:

1. That the Plaintiff in this action filed a complaint against the current Defendant Evangelical Lutheran Good Samaritan Foundation d/b/a Good Samaritan Society – Daytona.

2. That the initial action was filed in state court, that being the 7th Judicial Circuit, in and for Volusia County, Florida.

3. That upon service, the Defendant moved to transfer this action to the Middle District of Florida.

4. That the Defendant subsequently filed a motion to dismiss alleging that the Plaintiff had filed an action against the wrong Defendant, that the Plaintiff had never worked for the Defendant, and that Plaintiff failed to exhaust administrative remedies by failing to name the Defendant in the administrative charge of discrimination filed with the Florida Commission on

Human Relations pursuant to Chapter 760 of the Florida statutes..

5. That the court subsequently denied Defendant's motion for dismissal but indicated the Defendant could potentially have this matter dismissed pursuant to a motion for summary judgment and the Plaintiff should potentially consider this dismissing this matter against Defendant and/or filing a motion to substitute parties as Defendant contended Plaintiff was not employed by Defendant.

6. That on further investigation, the Plaintiff has no knowledge that the Evangelical Lutheran Good Samaritan Foundation, that being the Defendant in the act in this action, was in fact of Plaintiff's employer and Plaintiff, by and through counsel, may have inadvertently filed an action against Defendant.

7. That Plaintiff filed an administrative charge naming this action naming "Good Samaritan Society" as the potential Defendant, that being a fictitious name for The Evangelical Lutheran Good Samaritan Society and not the Defendant in this action.

8. That Plaintiff is thus requesting that this action be voluntarily dismissed against the Defendant, The Evangelical Lutheran Good Samaritan Foundation, the Defendant, THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, be substituted and that Plaintiff be granted 120 days to serve process on the substituted defendant. A copy of the amended complaint is attached hereto.

9. That it also appears based upon the Court's prior ruling as to the amount in controversy and the substituted Defendant's principal place of business (State of South Dakota) being out-of-state, diversity jurisdiction should still apply.

MEMORANDUM OF LAW

10. Plaintiff in this action has sought to dismiss voluntarily Defendant the knowledge

and that Plaintiff may in fact have filed an action against an entity which is the wrong entity, admittedly with a name similar to the proper Defendant. An action may be dismissed at the Plaintiffs' request by court order, on terms that the court considers proper. See Federal Rule of Civil Procedure 41.

11. Based upon the above, Plaintiff does hereby move for dismissal of the Defendant in this action.

12. Upon Motion the court may at any time, on just terms, add or drop a party. See Federal Rule of Civil Procedure 21. The Plaintiff, as the Court has found, filed an administrative charge of discrimination with the Florida Commission on Human Relations naming a fictitious name. The Plaintiff, by and through counsel, then filed this action against the Defendant, inadvertently against the wrong Defendant. Plaintiff is now moving to add the Defendant in this action whose fictitious name is named in the charge in the administrative proceedings. Plaintiff would request that the Court acknowledge this error and grant Plaintiff's motion.

I HEREBY CERTIFY that on the 14th day of September, 2009, the foregoing motion was electronically filed with the Clerk of Court using the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to all non-CM/ECF participants listed on the Court's notice of electronic filing.

/s/ David W. Glasser, Esq.
DAVID W. GLASSER, ESQ.
116 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Fla. Bar No. 780022
Attorney for Plaintiff

F:\Files\LL\K-O\Nault\dismiss.substitute.party.wpd